## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WATTERSON CONSTRUCTION CO.,
an Alaska corporation,

      Plaintiff,

  v.

INTERNATIONAL DOOR, INC.,
a Michigan corporation,

      Defendant/Third-Party Plaintiff,

  v.

HEYTEX USA, INC. d/b/a
BONDCOTE CORPORATION, PPG
COMMERCIAL COATINGS, and
PAINTERS SUPPLY & EQUIPMENT
CO.

      Third-Party Defendants.

**Case No. 2:22-cv-11037-TGB-EAS**

Judge Terrence G. Berg

Magistrate Judge Elizabeth A. Stafford

---

### STIPULATED PROTECTIVE ORDER REGARDING
### PRODUCTION OF CONFIDENTIAL INFORMATION

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the following Protective Order shall govern discovery in this Action, as follows:

1.    The following definition shall apply to this Order. A "stamped confidential document" means any document, including any document produced electronically, which bears the legend (which shall otherwise have the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner)

"CONFIDENTIAL" to signify that it contains sensitive personal information, including health or financial information; confidential corporate development, proprietary, or commercial information; information that qualifies as "contractor attributional/proprietary information," "controlled technical information," or "covered defense information" as defined by 48 C.F.R. § 252.204-7012, Safeguarding covered defense information and cyber incident reporting; information that qualifies as "federal contract information" as defined by 48 C.F.R. § 52.204-21, Basic Safeguarding of Covered Contractor Information Systems; or any other information, documents or things subject to protection under the law, including, but not limited to, protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.      For purposes of this Order, the term "document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

3.      Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain

confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of the Action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order.

4.     Notwithstanding Paragraph 3, stamped confidential documents may be disclosed to counsel of record and the parties to the Action who are actively engaged in the conduct of the Action; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph 4(c), such documents may also be disclosed:

(a)     to the Court, the Court's staff, and any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b)     to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the Action; provided however, that in all such cases, except as noted in paragraph 4(c) below, the individual to whom disclosure is

made has signed a Confidentiality Agreement, the form of which is attached hereto as Exhibit 1, containing —

      (i)    a recital that the signatory has read and understands this Order and will abide by it;

      (ii)    a recital that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order;

    (c)    Each outside consultant or expert retained for the purpose of assisting counsel in the Action to whom disclosure is made pursuant to paragraph 4(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit 1. That Agreement then must be returned to counsel who shall retain any such Agreements during the pendency of the litigation.

    5.    Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for purposes of enforcement of this Order, either prior to or following the completion of the Action.

    6.    Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

    7.    Stamped confidential documents included as part of any pleading or memorandum shall be either redacted or filed under seal in accordance with Local Rule 5.3(b). If a party seeks to use redactions in lieu of sealing, the party must first confer with the party who produced the stamped confidential document as to the scope of such

redactions. Nothing in this Order shall be construed as prior authorization of the filing of any document under seal.

8.     Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in Paragraph 4, including the court reporter and the witness, shall be present at such depositions. To the extent practicable, any party desiring to designate portions of a deposition as confidential should do so on the record and during the course of any such deposition. In the event such designation of confidential status is not practicable during a deposition, then any party may designate portions of a deposition transcript as confidential so long as the designation is completed within 30 days of distribution of the transcript of any such deposition.

9.     In the event that another party, or an interested member of the public, disagrees with a party's designation of any document or information as confidential or wishes to challenge the designation of any document or information as confidential, the objecting party shall advise counsel for the designating party in writing of the objection and identify the document or item with sufficient specificity to permit identification. Within 10 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the

designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

10.    Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraph 4.

11.    If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process. For purposes of this paragraph, "promptly" means within a timeframe that reasonably allows the designating party to object, move to quash, or otherwise take legal action related to the subpoena.

12.    If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the

inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document and either place a confidentiality stamp on the document, or request a replacement document that bears a confidentiality stamp from the producing party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter. A receiving party's use of a document prior to its designation as "Confidential" shall not be deemed a violation of this Order.

13.    If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall within thirty (30) business days, either destroy or return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. If a party elects to destroy such materials, the party shall promptly certify to the producing party that the materials have been destroyed, including the method used. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the

producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within thirty (30) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

14.    The provisions of this Order shall not terminate at the conclusion of the Action. Within 90 days after final conclusion of all aspects of the Action, stamped confidential documents and all copies of same (other than exhibits of record), which are in the possession of any party other than the Courts presiding over the Action, shall either be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all

electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of the Action. Notwithstanding anything to the contrary in this Order, counsel may retain one archived set of all "Confidential" documents produced.

15.     The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof.

16.     It is expressly understood by and between the parties that in granting access to or producing stamped confidential materials in the Action, the parties shall be relying upon the terms and conditions of this Order.

17.     The parties agree that information contained in stamped confidential materials shall not be used for any purpose outside of the above-captioned matter.

18.     Nothing herein shall be construed to affect in any manner the admissibility of any information during any proceeding on the record in the Action, such as hearings and trial, of any document, testimony, or other evidence. Should a party wish to discuss or introduce any information protected under this Protective Order on the record, that party shall make a motion, either written or oral, to the Court prior to introduction of such information. Furthermore, nothing herein shall be construed as an agreement by any party

to produce or supply documents or other material, or as a waiver by any party of its right

to object to the production of any document or other materials, or as a waiver of any claim

of an applicable privilege with regard to the production of any document or other materials.

Finally, nothing herein shall act to prevent or estop any party from seeking leave of the

Court by motion to lift the terms of this Order with regard to specific information or

documents.


DATED:_November 4, 2022

                                      /s/Terrence G. Berg_____
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

Respectfully Submitted, November 4, 2022

BANKSTON GRONNING BRECHT P.C.
*/s/ William M. Bankston*
1127 W. 7th Ave., Suite 200
Anchorage, Alaska 99501
(907) 276-1711
wbankston@bgbalaska.com
Alaska Bar#7111024

BANKSTON GRONNING BRECHT P.C.
*/s/ Douglas A. Karet*
1127 W. 7th Ave., Suite 200
Anchorage, Alaska 99501
(907) 276-1711
dkaret@bgbalaska.com
Alaska Bar#1211099

**LOCAL COUNSEL**

BLEVINS SANBORN JEZDIMIR ZACK PLC
*/s/ with consent of Marcus R. Sanborn*
1260 Library St., Suite 300
Detroit, Michigan 48826
(313) 338-9500
msanborn@bsjzlaw.com
Michigan Bar#P69565
*Attorneys for Plaintiff Watterson Construction*

GORDON REES SCULLY MANSUKHANI
*/s/David S. Shiener* (P78608)
*/s/John T. Eads, III* (P43815)
37000 Woodward Avenue, Suite 225
Bloomfield Hills, Michigan 48334
(313) 426-9815
dshiener@grsm.com
*Attorneys for Defendant, International Door*

WOODS ROGERS VANDEVENTER
BLACK PLC
*/s/Francis H. Casola* (VSB No. 29108)
*/s/Jamie H. Wood* (VSB No. 97297)
10 S. Jefferson St., Suite 1800
Roanoke, Virginia 24011
Phone: 540-983-7716
Email: casola@woodsrogers.com
Email: jamie.wood@woodsrogers.com
*Attorneys for Third-Party Defendant Heytex
USA, Inc.*

HONIGMAN LLP
*/s/Gabriel E. Bedoya* (P80839)
/s/Morgan L. Esters (P83072)
Honigman LLP
660 Woodward Avenue
2290 First National Building
Detroit, Michigan 48226
Phone: (313) 465-7254
E-mail:gbedoya@honigman.com
E-Mail: mesters@honigman.com
*Attorneys for Third-Party Defendant Heytex
USA, Inc.*

KERR, RUSSELL AND WEBER, PLC
*/s/Matthew L. Powell* (P69186)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226
(313) 961-0200
mpowell@kerr-russell.com
*Attorneys for Third-Party Defendant Painters
Supply & Equipment Co.*

PLUNKETT COONEY
*/s/Matthew J. Boettcher* (P40929)
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
(248) 901-4035
mboettcher@plunkettcooney.com
*Attorneys for Third-Party Defendant PPG*
*Commercial Coatings*


## PROOF OF SERVICE

The undersigned certifies that on November 4, 2022,
the foregoing was electronically filed with the Clerk of
the Court using the CM/ECF system which will send
notice to all counsel of record.

*/s/Charlene Vozar*
Legal Assistant/Paralegal
W2668\24\PLEADINGS\ORDprotective

**EXHIBIT 1**

CONFIDENTIALITY AGREEMENT

1.      I acknowledge that I am about to receive confidential information supplied by _____.

2.      I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I understand the Protective Order and agree to abide by it.

3.      I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.      I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

5.      At the termination of this litigation, I will either destroy or return all documents marked "CONFIDENTIAL," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6.      I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division at Detroit as necessary to enforce the provisions of the Protective Order.

DATED:_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

Open.01961.23533.29863012-1