UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WATTERSON CONSTRUCTION CO.,

    Plaintiff,

v.

INTERNATIONAL DOOR, INC.,

    Defendants,

and

INTERNATIONAL DOOR, INC.,

    Third-Party Plaintiff

v.

HEYTEX USA INC. d/b/a BANDCOTE CORPORATION, PPG COMMERCIAL COATINGS, and PAINTERS SUPPLY & EQUIPMENT CO.

    Third-Party Defendants
_____ /

Case No. 22-11037

F. Kay Behm
United States District Judge

**ORDER FOR SUPPLEMENTAL BRIEFING REGARDING
<u>MOTION TO STRIKE OFFER OF JUDGMENT (ECF No. 34)</u>**

    Plaintiff, Watterson Construction Company, brings UCC claims under Alaska law for breach of contract and breach of warranty, along with claims for breach of the implied covenant of good faith and fair dealing, negligence, and violations of

1

Alaska's Unfair Trade Practice and Consumer Protection Act against Defendant, International Door. (ECF No. 1). According to the complaint, Watterson was the general contractor on a project with the US Army Corps of Engineers on an air force base in Alaska. *Id*. International Door designed, manufactured, supplied, and installed 32 special vertical lifting fabric hangar doors for the project. International Door purportedly utilized an affiliate company, AID, to complete certain portions of the work, unbeknownst to Watterson. *Id*. Watterson alleges a number of manufacturing, design, and installation defects, resulting in this suit. *Id*. In July 2022, International Door filed an answer, affirmative defenses, and a third-party complaint against several entities. (ECF No. 14).

Watterson served an offer of judgment, made pursuant to Alaska Civil Rule 68, on International Door in the amount of $886,277.54. (ECF No. 34-2). International Door moved to strike the offer of judgment because Federal Rule of Civil Procedure 68(a) allows only defendants to make an offer of judgment, not plaintiffs. (ECF No. 34, PageID.238). Thus, International Door contends that the offer of judgment is not permitted under the Federal Rules of Civil Procedure and should be stricken. *Id*. at PageID.239. In response, Watterson maintains that Alaska law applies in this case and Alaska Civil Rule 68 is substantive law that applies to claims based on Alaska law filed in federal court. (ECF No. 35,

PageID.247, citing *Specter v. Recon. Air Corp.*, 2021 WL 3710509, at *3 (D. Alaska 2021) ("In determining the amount which should be awarded in fees, the Court looks to Alaska Civil Rules 68 and 82.  Rules 68 and 82 are considered substantive law under *Erie R.R. Co. v. Tompkins*, and accordingly apply in cases in federal court based on diversity jurisdiction.") (internal quotation omitted); *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 972-75 (9th Cir. 2013) (holding that Alaska law regarding attorney's fees applies in diversity cases brought in or removed to federal court)).

In this diversity matter, the court's analysis begins with *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  While International Door contends, under *Erie*, the court applies the law of the forum state in diversity actions to substantive issues and applies federal law to procedural matters, (ECF No. 36, PageID.251), before reaching this conclusion, the court must first apply the choice-of-law principles of the forum state.  To determine the appropriate source of law applicable to this diversity action, the court applies the choice-of-law rules of Michigan, the state in which this court sits.  *See Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *see also International Ins. Co. v. Stonewall Ins. Co.*, 86 F.3d 601, 604 (6th Cir. 1996).  Under Michigan choice-of-law rules, a court will apply Michigan law unless a "rational reason" to do otherwise exists.  *Sutherland v. Kennington Truck*

3

*Serv., Ltd.*, 454 Mich. 274, 286 (1997) (citing *Olmstead v. Anderson*, 428 Mich. 1 (1987)). In determining whether a rational reason to displace Michigan law exists, the court must undertake a two-step analysis. *Id*. First, Michigan law requires the court to determine if any foreign state has an interest in having its law applied and if no state has such an interest, the presumption that Michigan law will apply cannot be overcome. *Id*. Second, if a foreign state does have an interest in having its law applied, the court must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests. *Id*. The parties may also stipulate as to the law that governs their dispute. *Daniel v. DTE Energy*, No. 11-13141, 2013 WL 4502151, at *4 n. 1 (E.D. Mich. Aug. 22, 2013) (citing *Cates v. Morgan Portable Bldg. Corp.*, 780 F.2d 683, 687 (7th Cir. 1985) ("[T]he parties to a lawsuit can, within broad limits, stipulate to the law governing their dispute; and an implied stipulation is good enough."); *Doe v. Nevada Crossing, Inc.*, 920 F.Supp. 164, 167 (D. Utah 1996); *Van Deurzen v. Yamaha Motor Corp. USA*, 276 Wis.2d 815, 688 (Wis. Ct. App. 2004)).

The court requires supplemental briefing on two issues:

1. Whether International Door has conceded that Alaska law provides the substantive source of law in this matter by asserting in its affirmative defenses that it "asserts and reserves all defenses under Alaska product

4

liability and/or breach of contract law." (ECF No. 14, ¶ 59). *See Cates, supra*; *cf.*, *Golumbia v. Prudential Ins. Co.*, No. 96–1521, 1997 WL 345728, at *2 (6th Cir. June 20, 1997) (party waived right to challenge applicability of Michigan law, notwithstanding contractual choice-of-law provision selecting New York law, where party argued merits in district court under Michigan law and failed to raise the contractual choice-of-law provision).

2. The parties must also brief in the factors identified in § 188 of the Restatement (Second) of Conflict of Laws, which Michigan follows for determining applicable law in contract actions. *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 122 (1995). Section 188 provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
>
> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>> (a) the place of contracting,
>> (b) the place of negotiation of the contract,
>> (c) the place of performance,

      (d) the location of the subject matter of the contract, and

      (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties.

   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

   (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189- 199 and 203.

Restatement (Second) of Conflict of Laws § 188 (1971). The current record before the court is incomplete regarding the factors set forth in § 188(2). The parties must provide or direct the court's attention in the record to both evidence and case law supporting their respective positions on each factor.

The parties' briefs are limited to fifteen pages and must with filed within 14 days of entry of this Order.

   **SO ORDERED**.

Date: September 25, 2023                  s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge